# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2023AP1034-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Felipe N. Gomez, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>　　　　Complainant,<br>　　　v.<br>Felipe N. Gomez,<br>　　　　Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST GOMEZ

| | |
|---|---|
| OPINION FILED: | November 2, 2023 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

Per curiam.

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2023AP1034-D

STATE OF WISCONSIN             :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Felipe N. Gomez, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Felipe N. Gomez,**

        **Respondent.**

**FILED**

**NOV 2, 2023**

Samuel A. Christensen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. This is a reciprocal discipline matter. On June 12, 2023, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to Supreme Court Rule (SCR) 22.22, requesting this court suspend Attorney Felipe N. Gomez's license to practice law in Wisconsin for a period of three years, as discipline reciprocal to that imposed by the Supreme Court of Illinois. Attorney Gomez admitted service of OLR's complaint

and motion on August 2, 2023. Upon review of the matter, we agree that it is appropriate to impose a three year suspension, identical to that imposed by the Supreme Court of Illinois.

¶2 Attorney Gomez was admitted to practice law in Wisconsin in 1999. He was admitted to practice law in Illinois in 1988. The most recent address furnished to the State Bar of Wisconsin is in Northbrook, Illinois. Attorney Gomez's Wisconsin law license has been administratively suspended since June 3, 2002 for failure to comply with Wisconsin continuing legal education requirements, and since October 31, 2003 for failure to pay state bar dues and file a trust account certification.

¶3 On September 21, 2022, the Supreme Court of Illinois suspended Attorney Gomez's Illinois law license for three years. The Illinois court found that Attorney Gomez committed professional misconduct by sending numerous threatening and harassing emails to other attorneys. Attorney Gomez did not notify OLR of the Illinois suspension within 20 days of its effective date.

¶4 On August 21, 2023, this court directed Attorney Gomez to inform the court in writing within 20 days of any claim by him, predicated upon the grounds set forth in SCR 22.22(3),[1] that

---

[1] SCR 22.22(3) provides:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(Continued)

2

the imposition of discipline reciprocal to that imposed in Illinois would be unwarranted, and of the factual basis for any such claim. No response was received.

¶5 The OLR's complaint alleges that by virtue of the Illinois suspension, Attorney Gomez is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22, and by failing to notify OLR of his suspension in Illinois, he violated SCR 22.22(1).[2] The OLR asks this court to suspend Attorney Gomez's Wisconsin law license for three years as discipline reciprocal to that imposed in Illinois.

¶6 Under SCR 22.22(3), in reciprocal discipline matters, this court shall impose the identical discipline unless one of the exceptions enumerated in that rule is shown. There is no indication that any of those exceptions apply in this case.

---

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

[2] SCR 22.22(1) provides: "An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct."

Accordingly, we impose discipline identical to that imposed by the Supreme Court of Illinois.

¶7 IT IS ORDERED that the license of Felipe N. Gomez to practice law in Wisconsin is suspended for a period of three years, effective the date of this order.

¶8 IT IS FURTHER ORDERED that, to the extent he has not already done so, Felipe N. Gomez shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶9 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).

¶10 IT IS FURTHER ORDERED that the administrative suspensions of Felipe N. Gomez's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, his failure to complete his trust account certification, and his failure to comply with CLE reporting requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).